UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 04 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

|  |  |
|---|---|
| ANTHONY HOUSE <br><br> PLAINTIFF, <br><br> V. <br><br> ABSOLUTE RECOVERY SERVICES, LLC <br><br> DEFENDANT, | CIVIL ACTION NO. <br><br> 3:17-cv-00201 DPM |

This case assigned to District Judge __MARSHALL__
and to Magistrate Judge __HARRIS__

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Anthony House, by and through her attorneys, Legal Aid of Arkansas, Inc., brings this action seeking relief in Defendant's violation of the Fair Debt Collection Practices Act, U.S.C.A. 15 § 1692, seq,. Defendant sent a debt collection letter to Mr. House for a debt allegedly arising out of a tenancy with Westwood Apartments in West Memphis, Ark., on April 4, 2017. The FDCPA's required warnings with regard to Mr. House's legal rights were incorrect and confusing. On April 13, 2017, Counsel for Mr. House responded to the letter disputing the debt. As of July 13, 2017, Defendant has not responded to the dispute. Plaintiff remains confused about Defendant's collection attempt.

## JURISDICTION

2. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims occurred in the Eastern District of Arkansas, Plaintiff resides in the Eastern District of Arkansas and Defendant transacts business in the Eastern District of Arkansas.

## PARTIES

4. Mr. House is an individual, who resides at 401 South Rhodes St. Apr 7, West Memphis, AR 72301. Mr. House is a consumer as defined by FDCPA, 15 U.S.C.A. § 1692a.

5. Defendant is a Domestic Limited Partnership incorporated in Tennessee. Its registered agent is Michael Greenburg, at 1010 June Road, Suite 202, Memphis, TN 38119. Defendant's primary business is to collect debts on behalf of others and Defendant is a debt collector as defined by FDCPA, 15 U.S.C.A. § 1692a

## FACTUAL ALLEGATIONS

6. In or around 2015, Mr. House left the Westwood Apartments in West Memphis, AR. Mr. House believed himself to be in good standing with the apartment management and had not heard about any issues with failure to pay rent or damage to the property.

7. On April 4, 2017. Mr. House was sent a letter by Defendant stating that they were attempting to collect $2,255.90 on behalf of Westwood Apartments. See Exhibit A.

8. The letter stated, "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will provide you with the name and address of the original creditor."

9. Mr. House believed there was a mistake and became worried that he may be sued on a debt about which he was never informed. Mr. House was also confused by the statement in the first paragraph of the letter.

10. Because of his worry and confusion, Mr. House contacted Counsel and on April 13, Counsel sent to Defendant, a letter disputing the debt. See Exhibit B.

11. To date, Defendant has not responded nor has it provided any verification of the debt.

## COUNT 1: VIOLATION OF THE FDCPA

12. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

13. The FDCPA, 15 U.S.C.A. § 1692g(a) states in relevant parts:

> a debt collector shall…send the consumer a written notice containing…a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

14. In Defendant's letter to Plaintiff, Defendant sent notice that "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will provide you with the name and address of the original creditor."

15. The notice contains several fatal errors, making the notice a violation of requirements of FDCPA, 15 U.S.C.A. § 1692g(a).

16. Defendant's notice implies that if Mr. House responds to the letter, Defendant will not provide him with a verification of the debt or any other required information.

17. However the law states that if a consumer does respond and dispute the debt within 30 days, the consumer is entitled to verification of the debt and other information.

18. Defendant's letter also fails to inform Mr. House that if he does not dispute the debt within 30 days it will be assumed valid by Defendant.

19. The notice is made even more confusing given the urgent nature, in which Defendant's second full paragraph claims that Mr. House's "prompt attention" should occur to "avoid further action," whatever Defendant means by that phrase.

20. Because Defendant's letter does not contain the correct language as required by the statute, Defendant violated FDCPA, 15 U.S.C.A. § 1692g(a) in its April 4, 2017 letter.

## DAMAGES

21. Plaintiff hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for their cause of action the following:

22. As a direct and proximate result of the occurrence made by Defendant's actions, Mr. House sustained damages and injuries including, but not limited to, anxiety, emotional distress and embarrassment. Mr. House had to contact Counsel to understand the confusing nature of Defendant's letter.

23. As a direct and proximate result of the Defendant's actions, Mr. House is entitled to the following damages:

    1. Statutory Damages of $1,000.
    2. Actual Damages
    3. A declaration that Defendant violated the FDCPA and the ADTPA
    4. Attorney's fees and costs of this suit
    5. Any other relief this Court finds just and appropriate.

## FURTHER RELIEF AND PARTIES

24. Plaintiff reserves the right to plead further causes of action as additional parties and facts are identified.

## JURY DEMAND

25. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Mr. House prays that:

1. He be granted statutory damages pursuant to the FDCPA.
2. He be granted actual damages.
3. He be granted judgment for Defendant's violations of the FDCPA and the AFDCPA.
4. He be granted costs and expenses incurred.
5. He be granted an attorney's fee.

*[signature]*
CORY S. CRAWFORD
ABN: 2011205
Legal Aid of Arkansas, Inc.
714 South Main Street
Jonesboro, AR 72401
870-972-9224
FAX: 870-910-5562
ccrawford@arlegalaid.org

## VERIFICATION

STATE OF ARKANSAS )
 )
COUNTY OF Crittenden )

I, Anthony House, hereby state on oath that I have read the above and foregoing Complaint and the facts, statements, and allegations contained therein are true and correct to the best of my knowledge, information and belief.

*[signature]*
Anthony House
**ANTHONY HOUSE**

Subscribed and sworn to before me the undersigned Notary Public on the 1st day of August, 2017.

*[signature]* Pam Smith
Notary Public

PAM SMITH
Arkansas - Crittenden County
Notary Public - Comm# 12389339
My Commission Expires Aug 23, 2022